IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JODEE GARRETT, Sr.,

     Plaintiff,                     No. CIV S-06-1904 DFL EFB P

    vs.

JAMES WALKER, et al.,

     Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983. He seeks damages on the ground that defendants allegedly failed to protect him from an attack by another prisoner.[1]

        Plaintiff requests an order directing the law librarian at Mule Creek State Prison to provide him with paper and envelopes for him to use in this litigation. The court construes the request as a motion for a preliminary injunction. For the reasons explained below, the court finds that plaintiff is not entitled to the relief he seeks.

        A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it, *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964), and therefore will not issue unless necessary because threatened

---

[1] On October 18, 2006, the court directed the U.S. Marshal to serve defendants. Service has not been completed and defendants have not answered the complaint.

injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).

To prevail upon an application for a prohibitory preliminary injunction, plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or serious questions regarding the merits of his claims and a balance of hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). Since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

To prevail on a motion for a prohibitory injunction, plaintiff must show the relief sought is necessary to preserve the status quo and that the alleged threat is immediate and irreparable at law. Because the relief plaintiff seeks would require prison officials affirmatively to alter application of departmental regulations with regard to plaintiff, plaintiff's burden is exceptionally rigorous.

Here, plaintiff has failed to show that he is likely to prevail on the merits. Assuming that he has at least raised serious questions going to the merits, he has not demonstrated that the balance of relative hardships sharply tips in favor of granting preliminary injunctive relief. Indeed, weighing the relative hardships, the court finds that plaintiff has not shown a threat of irreparable harm. He alleges in the motion that the law librarian at Mule Creek State Prison is required to provide him with paper and envelopes for him to use in this litigation

and has failed to do so. The allegation has little if anything to do with the merits of his complaint, which alleges that the named defendants failed to protect him from an attack by another prisoner. Moreover, he does not address how he obtained the paper, writing implement and envelope to file his request for preliminary injunction. Whatever the status regarding access to paper and writing materials and its nexus to the merits of this case, plaintiff has not shown irreparable harm and, indeed, it appears not to have affected his ability to litigate this action. He has managed to file the complaint and the instant motion. Moreover, defendants have not yet been served and plaintiff faces no immediate filing dates. Any alleged refusal of the law librarian to provide the materials has not threatened irreparable harm.

Furthermore, it is not clear that there is any basis for issuing a Rule 65 order against the law librarian. Only parties or non-parties with notice who are shown to be in active concert or participation with defendants may be enjoined under Federal Rule of Civil Procedure 65. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). The law librarian is not a party to this action and plaintiff makes no allegations showing that she is acting in concert with defendants.

Because plaintiff has not demonstrated a combination of either probable success on the merits and the possibility of irreparable injury, or that serious questions have been raised regarding the merits of his claims and that the balance of relative hardships tips sharply in his favor, he has not met his burden on the instant motion. For the foregoing reasons, plaintiff's motion for a preliminary injunction must be denied.

Accordingly, it is hereby RECOMMENDED that plaintiff's November 2, 2006, request for a preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
2  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
3  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
4  Dated:  November 29, 2006.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE