IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JODEE GARRETT, SR.,

        Plaintiff,                    No. CIV S-06-1904 RRB EFB P

     vs.

JAMES WALKER, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the September 14, 2006, amended complaint. On December 19, 2006, plaintiff filed a motion for summary judgment. On January 31, 2007, defendants filed an answer.[1]

A party seeking relief on a claim,

> may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the parties favor upon all or any part thereof.

Fed. R. Civ. P. 56(a). Upon a proper motion, the court must grant summary judgment, if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[1] Defendants moved to dismiss on December 26, 2006. However, they withdrew the motion on January 24, 2007.

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). To facilitate this process, the Local Rules of this Court provide:

> Each motion for summary judgment or summary adjudication shall be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon to establish that fact.

L. R. 56-260(a). In the December 19, 2006, motion, plaintiff asserts that he is entitled to relief because he filed an amended complaint, but defendants had not yet filed an answer. In the February 20, 2007 motion, plaintiff addresses the assertions defendants make in their answer, and argues that he is entitled to judgment as a matter of law because defendants did not demonstrate a genuine factual dispute. Plaintiff confuses the function of the answer and the function of summary judgment under Rule 56, Fed. R. Civ. P. Defendants need not demonstrate a genuine dispute as to any particular material fact in the answer. The purpose of the answer is to simply admit or deny allegations of the complaint, not to test sufficiency of evidence. *See* Fed. R. Civ. P. 7(a), 8(b). While admitted facts in an answer might support summary judgment if there are not other material facts in dispute, neither of plaintiff's motions contains a Statement of Undisputed Facts showing that all material facts have been conceded and that there remains no factual issues for trial. Plaintiff nowhere alleges with specificity the undisputed facts which entitle him to judgment as a matter of law.

     Accordingly, it is RECOMMENDED that plaintiff's December 19, 2006, and February 20, 2007, motions for summary judgment be denied.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
2  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
3  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
4  Dated:  July 31, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE