1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JODEE GARRETT, SR.,

11              Plaintiff,                    No. CIV S-06-1904 RRB EFB P

12        vs.

13   JAMES WALKER, et al.,

14              Defendants.              ORDER

15   _____/

16        Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42

17   U.S.C. § 1983.  This action proceeds on the September 14, 2006, amended complaint in which

18   plaintiff claims the following: (1) defendants Rustad and Naramore violated the Eighth

19   Amendment by requiring that he work among general population prisoners even though they

20   knew that plaintiff was in protective custody, resulting in prisoners attacking plaintiff; (2) on

21   December 7, 2005, plaintiff was attacked by a general population prisoner, and during the attack

22   defendants Saldonna and Cortes failed adequately to protect plaintiff; (3) defendants Walker,

23   Minor, Garcia, Mareno, Vance and Neis knew that there was in adequate security for  prisoners

24   in protective custody to safely work in the general population, but nonetheless allowed plaintiff

25   to be placed in a job requiring he come into contact with general population prisoners.  On July

26   24, 2007, plaintiff filed a motion to compel defendants to respond to requests for production of

1

1   documents.  *See* Fed. R. Civ. P. 37(a)(2)(B).

2        Defendants argue that plaintiff has not complied with Local Rule 34-250(c) which

3   requires the moving party on a motion to compel to file with the motion that part of the

4   discovery request that is in dispute.  Ordinarily, the party seeking to compel the production of

5   documents submits with the motion the requests and the responses that are claimed to be

6   inadequate.  *See* L. R. 34-250(c).  Here, plaintiff states that he seeks to compel the production of

7   documents identified in requests 2, 3, 5, 6 and 8.  He has not attached them.  Nor is his motion

8   clear as to which items he claims were not properly responded to by defendants.  However,

9   defendants' opposition includes as attachments the requests and responses.  Accordingly, the

10  court is able to address the merits of the motion, and for the reasons set forth below, the motion

11  is denied.

12  **I.  Standards Governing Motion to Compel Discovery**

13       A party may move for an order compelling discovery with respect to objections or other

14  failure to respond to requests to produce documents.  Fed. R. Civ. P. 37(a)(2)(B), 34(b).   Parties

15  may obtain discovery regarding any matter, not privileged, that is relevant to the claim or

16  defense of any party.  Fed. R. Civ. P. 26(b)(1).  Information sought need not be admissible at

17  trial if the discovery is reasonably calculated to lead to the discovery of admissible evidence.  *Id.*

18  The court may limit discovery if it determines the discovery sought is unreasonably cumulative

19  or obtainable from a more convenient or less expensive source, the party seeking discovery had

20  ample opportunity to obtain the information sought, or the burden or expense of the proposed

21  discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2).  A party has a continuing duty to

22  supplement, correct or amend discovery responses if the court so orders or if the party learns the

23  responses were in some material respect incorrect or incomplete and the information has not

24  otherwise been made available to other parties.  Fed. R. Civ. P. 26(e)(2).

25       Any party may request any other party produce for inspection documents including

26  writings, drawings, graphs, charts or data compilations.  Fed. R. Civ. P. 34(a).  The requesting

1  party must identify the items to be produced and the party upon whom the request is made must

2  make a written response stating that inspection will be permitted as requested, unless the party

3  objects and states the basis therefor.  Fed. R. Civ. P. 34(b).

4       A party may move for an order compelling discovery with respect to objections or other

5  failure to respond to interrogatories or requests to produce documents.  Fed. R. Civ. P.

6  37(a)(2)(B), 33(b)(5),  34(b).

7       Plaintiff submitted the same eight requests for production of documents to all defendants.

8  It appears from the record that defendants submitted a single response.  Thus, the court considers

9  the requests as to all defendants, distinguishing their obligations only where they differ.

10      **A.  <u>Request No. 2.</u>**

11      In this request, plaintiff seeks, "any and all memoranda, logs, policies and or stated

12  procedures in place at CSP-SAC, at A-facility, during 12-7-05, that relates to mixing of non-

13  EOP and EOP inmates."

14      Defendants Garcia and Minor assert that they are retired.  Therefore, they lack any access

15  whatsoever to the documents plaintiff seeks.  This objection is sustained.

16      Defendants Rustad, Narramore, Saldana, Cortes, Walker, Morena, Vance and Nies still

17  work at CSP-Sac.  These defendants object that they are not in possession, custody or control of

18  any documents responsive to this request.  They assert that they lack "control" because they may

19  obtain them "only with the permission of another,"  Opp'n at 6, presumably the prison.

20  For purposes of Rule 34, a party need not have legal ownership or physical possession to have

21  control over a document.  "[R]ather, documents are considered to be under a party's control

22  when that party has the right, authority, or practical ability to obtain the documents from a non-

23  party to the action."  *The Bank of New York v. Meridien Biao Bank Tanzania Ltd.*, 171 F.R.D.

24  135, 146 (S.D.N.Y. 1997).  Defendants Rustad, Narramore, Saldana, Cortes, Walker, Morena,

25  Vance and Nies rely on *Clark v. Vega Wholesale Inc.*, 181 F.R.D. 470, 470 (D. Nev. 1998), in

26  which the moving party sought production of the responding party's medical records, which

1  were in the custody of her physician. The issue in that case centered on the responding party's

2  legal right to obtain documents, which the court found depended heavily on "[t]he relationship

3  between the party and the person or entity having actual possession of the document . . . ." *Clark*

4  *v. Vega Wholesale Inc.*, 181 F.R.D. 470, 470 (D. Nev. 1998).  The court determined that in order

5  to be compelled to respond, the non-moving party must "have exclusive control of the

6  documents," as by having the ability "to command release of the documents by the person or

7  entity in actual possession," which "usually is the result of statute, affiliation or employment."

8  *Clark*, 181 F.R.D. at 470.  Applying this standard, the court declined to force the non-moving

9  party to sign a medical release, which was necessary for her to obtain documents responsive to

10 the request.  *Id.*

11     Here, there is no issue of whether defendants must submit a release to obtain access to

12 the documents plaintiff seeks.  The documents inform defendants in the performance of

13 employment duties.  Furthermore, "Rule 34 performs the salutary function of creating access to

14 documentation in an economical and expeditious fashion by requiring a party to produce relevant

15 records not in its physical possession when the records can be *obtained easily* from a third-party

16 source." *Ice Corp. v. Hamilton Sundstrant Corp.*, 2007 WL 2436765, at *3 (D. Kan. Aug. 22,

17 2007) (emphasis in original).  Thus, a party who does not have actual possession of documents

18 will be required to produce them if the party "has the *practical ability* to obtain the documents

19 from another, irrespective of legal entitlements to the documents."  *Id.* (emphasis in original).

20 The court acknowledges that ordinarily it is the moving party who must demonstrate the element

21 of "control" for purposes of Rule 34, but the objection is not specific enough for the court to

22 determine its validity.  It seems manifest that documents containing information about policies

23 relating to the interaction of various groups of prisoners could easily be obtained from the prison,

24 particularly where those documents and policies inform the defendants as to the performance of

25 their jobs.  Accordingly, this objection is overruled.

26 ////

1      **B.  Request No. 3**

2           Plaintiff seeks "any and all (602) appeals filed against you in the past five years, alleging

3    reckless disregard and or deliberate indifference to an inmate [sic] health and safety."

4    Defendants object that the request is overly broad, burdensome and not reasonably calculated to

5    lead to the discovery of admissible evidence.  Defendants assert that the burden of locating and

6    producing documents responsive to this request far outweighs the documents' minimal relevance

7    to this action.  *See Carlson Companies, Inc. v. Sperry & Hutchinson Co.,* 374 F. Supp. 1080,

8    1088 (D. Minn. 1974).  They argue that plaintiff seeks mere accusations.  Moreoever, his request

9    applies to appeals by any inmate.  Furthermore, the California Department of Rehabilitations and

10   Corrections' database of grievances contains documents from no earlier than 2004.  Many of the

11   responsive documents would be located at various prisons within the CDCR system because they

12   are in the central files of the prisoners who submitted the appeals.  Thus, the time and effort to

13   locate the responsive documents would be more expensive and time-consuming than the value of

14   these documents to narrowing the issues for trial.  Plaintiff in no way counters these assertions or

15   otherwise attempts to narrow the request.

16           This objection is sustained.  *See* Fed. R. Civ. P. 26(b)(1).

17      **C.  Request No. 5**

18           Plaintiff seeks "any and all written procedures in place that prevent EOP and Non EOP

19   inmates interaction during visiting, jobs and at medical."  Defendants object that this request "is

20   vague as to time and institution," and that responsive documents are not in their possession,

21   custody and control.  Plaintiff has not demonstrated that he has narrowed his request, but

22   narrowly construed, the request seeks documents from CSP-Sac at A-facility on or around

23   December 7, 2005.  The court finds that this request duplicates Request No. 2.  Accordingly, the

24   defendants need not respond to it.

25   ////

26   ////

1  **D. <u>Request No. 6</u>**

2  Plaintiff seeks "any and all logs, lists of memorandums [sic], investigative files, or other

3  documents created within the last five years, in response to incidents which involved EOP and

4  non EOP inmates." Defendants object that this requests seeks information outside the scope of

5  discovery. The objection is sustained. *See* Fed. R. Civ. P. 26(b)(1); *See also Hallett v. Morgan*,

6  296 F.3d 732, 751 (9th Cir. 2002) (district courts have broad discretion to decide questions of

7  relevance for purposes of discovery). Plaintiff has not shown this overly broad request has been

8  tailored in a fashion whereby it would lead to admissible evidence.

9  **E. <u>Request No. 8</u>**

10  Plaintiff seeks any "logs, lists, directive [sic], instructions and documents governing

11  mixing and/or non mixing of inmates classified as having sensitive needs with non-sensitive

12  needs inmates." Defendants object on the ground that it is vague as to time and institution.

13  Plaintiff has not demonstrated that he has narrowed his request, but narrowly construed, he seeks

14  documents from CSP-Sac at A-facility on or around December 7, 2005. It appears that some of

15  the documents responsive to this request may also be responsive to Request No. 2. However, the

16  parties do not explain the difference, if any, between "sensitive needs" prisoners and "E.O.P."

17  prisoners. Thus, these requests have not been shown to be duplicative.

18  Defendants Rustad, Narramore, Saldana, Cortes, Walker, Morena, Vance and Nies object

19  that they lack "control" over these documents. For the same reasons explained with respect to

20  Request No. 2, this objection is overruled.

21  As they did with respect to Request No. 2, defendants Garcia and Minor assert that they

22  are retired. Therefore, they lack any access whatsoever to the documents plaintiff seeks. This

23  objection is sustained.

24  Accordingly, it hereby is ORDERED that:

25  1. Plaintiff's July 24, 2007, motion to compel is granted in part and denied in part as

26  follows:

6

1      a.  Garcia and Minor's objection that they lack possession, custody or control

2  over documents responsive to Requests No. 2 and No. 8 is sustained;

3      b.  Rustad, Narramore, Saldana, Cortes, Walker, Morena, Vance and Nies'

4  objection that they lack possession, custody or control over documents responsive to Request

5  No. 2 and No. 8 are overruled.  They have 30 days from the date this order is signed to produce

6  documents responsive to this request.  Plaintiff has 20 days from the date those documents are

7  served on him to supplement his opposition to defendants' pending motion for summary

8  judgment, if appropriate.  Defendants have 15 days from the date plaintiff files a supplement to

9  file and serve a reply thereto.

10      c.  Defendants' objection to Request No. 3 is sustained;

11      d.  Defendants' objection to Request No. 5 is sustained;

12      e.  Defendants' objection to Request No. 6 is sustained.

13  Dated:  November 8, 2007.

14  _____

15  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE