1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JODEE GARRETT, SR.,

11              Plaintiff,                        No. CIV S-06-1904 RRB EFB P

12        vs.

13   JAMES WALKER, et al.,

14              Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16        Plaintiff is a prisoner without counsel suing for alleged civil rights violations.  *See* 42

17   U.S.C. § 1983.  This action proceeds on the September 14, 2006, first amended complaint in

18   which plaintiff claims the following: (1) defendants Rustad and Naramore violated the Eighth

19   Amendment by requiring that he work among general population prisoners even though they

20   knew that plaintiff was in protective custody, resulting in prisoners attacking plaintiff; (2) on

21   December 7, 2005, plaintiff was attacked by a general population prisoner, and during the attack

22   defendants Saldonna and Cortes failed adequately to protect plaintiff; (3) defendants Walker,

23   Minor, Garcia, Mareno, Vance and Neis knew that there was in adequate security for protective

24   custody prisoners safely to work in the general population, but allowed plaintiff to be placed in a

25   job requiring he come into contact with general population prisoners.  On August 9, 2007,

26   plaintiff filed a motion for leave to file a second amended complaint.  For the reasons explained

below, the court recommends that plaintiff's motion be denied.

Plaintiff contends that he should be granted leave to file a second amended complaint "to conform to the evidence," pursuant to Federal Rule of Civil Procedure 15(b).  Motion at 2. Defendants contend that amendment pursuant to Rule 15(b) is unnecessary and inappropriate. Rule 15(b) provides, in relevant part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.  Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

The purpose of this rule is "to align the pleadings to conform to the issues actually tried."  *Cole v. Layrite Products Co.*, 439 F.2d 958, 961 (9th Cir. 1971).  Thus, it applies after trial on the merits.  As of yet there has been no trial in this action.  Rather, defendants' motion for summary judgment is pending.  Therefore, it is premature to apply Rule 15(b).

Accordingly, it is hereby RECOMMENDED that plaintiff's August 9, 2007, Rule 15(b) motion to amend the complaint be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 8, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE