IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JODEE GARRET, SR.,

    Plaintiff,     No. CIV S-06-1904 JAM EFB P

  vs.

JAMES WALKER, et al.,

    Defendants.     FINDINGS AND RECOMMENDATIONS

                                 /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On October 27, 2008, defendants Rustad, Naramore, Saldana and Cortes filed a motion for summary judgment. *See* Fed. R. Civ. P. 56. Notwithstanding prior orders from the court directing plaintiff to file an opposition, and prior admonishments that his failure to do so would result in dismissal of this action, plaintiff has still not filed an opposition to the motion.

      The court informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure as early as October 18, 2006. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (*en banc*), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). That order also warned plaintiff that failure to oppose any such motion might be deemed a waiver of opposition to the pending motion.

////

1

Notwithstanding that order, plaintiff failed to file an opposition to the pending summary judgment motion. On January 15, 2009, the court issued an order noting that plaintiff had failed to file either an opposition or statement of non-opposition, as required by Local Rule 78-230(m) and warned plaintiff that failure to follow the rules or comply with court orders could result in dismissal of this action. Notwithstanding plaintiffs prior non-compliance, the court granted plaintiff additional time and ordered that his opposition be filed within 20 days. The court's indulgence proved to be ill-advised. Plaintiff failed to comply with that order as well. Thus, on March 5, 2009, the court recommended that this action be dismissed for plaintiff's failure to follow the Local Rules of this court. Undaunted, plaintiff objected to that order on March 23, 2009, arguing that his mental health made it impossible to comply with the order to file an opposition. On June 25, 2009, the court again accommodated plaintiff, vacated the findings and recommendations and gave plaintiff an additional 30 days to file an opposition. That order noted that although plaintiff argued that his condition prevented him from filing an opposition to a motion, he had managed to submit numerous other filings, objections, motions and requests over the relevant time period. Thus, the order pointedly admonished plaintiff that the 30 day extension would not be further extended. Still, plaintiff has not filed an opposition. Rather, on July 30, 2009, he requested the appointment of counsel and yet another extension of time.[1]

At some point enough is enough. That point has been exceed here. The deadline for plaintiff to file opposition to the pending motion has long since expired and plaintiff has squandered every accommodation extended to him. In violation of several court orders and the rules of the court, plaintiff still has not filed an opposition or a statement of no opposition to the motion for summary judgment. Thus, this action must be dismissed for plaintiff's failure to

---

[1] Plaintiff's request to appoint counsel is denied. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). No such exceptional circumstances are present here.

1  prosecute this action and for failure to obey this court's orders.

2  Accordingly, it hereby is ORDERED that plaintiff's July 30, 2009, request for the
3  appointment for counsel is denied.

4  It further is RECOMMENDED that this action be dismissed without prejudice. Fed. R.
5  Civ. P. 41(b); 16(b) and Local Rule 11-110.

6  These findings and recommendations are submitted to the United States District Judge
7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
8  after being served with these findings and recommendations, any party may file written
9  objections with the court and serve a copy on all parties.  Such a document should be captioned
10  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
11  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
12  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
13  Dated:  August 24, 2009.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3